United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RYANT CONNELLY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00193 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS ACTION FOR FAILURE TO PROSECUTE

Petitioner Ryant Connelly, **TDCJ ID No. 2408816**, an inmate confined at the Cotulla

Unit in Cotulla, Texas, has filed this *pro se* 28 U.S.C. § 2254 habeas action.  (Doc. No. 1.)  In a

Notice of Deficient Pleading ("Notice") issued on August 16, 2022, Petitioner was notified that

he must do one of the following within 30 days: (1) pay the $5.00 filing fee for habeas corpus

petitions; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a

certified copy of his inmate trust fund account statement.  (Doc. No. 3.)  In this Notice, Petitioner

was also warned that failure to comply in a timely manner may result in his petition being

dismissed.  *See id.*

Petitioner filed his application for IFP.  (Doc. Nos. 12, 13.)  On September 17, 2022, the

undersigned denied Petitioner's application.  (Doc. No. 16.)  In the denial order, the undersigned

ordered Petitioner to pay the $5 filing fee and warned Petitioner that failure to submit the fee

may result in dismissal of his case.  *Id*. at 1-2.  Petitioner responded to the denial order (Doc. No.

19) and filed a motion for reconsideration of the IFP application (Doc. No. 21).  On November

16, 2022, the undersigned denied the motion for reconsideration, again ordering Petitioner to pay

the $5 filing fee, this time by December 15, 2022.  (Doc. No. 23, p. 2.)  Petitioner was warned, for a third time, that failure to file the fee might result in his case's dismissal.  *Id.*

On December 9, 2022, the undersigned granted Petitioner another extension of time and ordered Petitioner to pay the full balance of the filing fee by January 9, 2023.  (Doc. No. 26, p. 2.)  The undersigned explicitly stated: "This will be Petitioner's last chance to timely file the filing fee.  No further extensions of time will be granted."  *Id.* (emphasis deleted).  The undersigned also warned Petitioner that failure to comply with the order would result in a recommendation to the District Court to dismiss Petitioner's cause of action.  *Id.*

Rule 12 of the Rules Governing Section 2254 Cases allows for the Federal Rules of Civil Procedure (the "Rules") to be applied in habeas actions, provided the Rules are not inconsistent with any statutory provisions or the habeas rules.  Pursuant to Rule 41(b), a district court may *sua sponte* dismiss a case for want of prosecution or for failure to comply with a court order.  The Fifth Circuit has held that Rule 41(b) is not inconsistent with the habeas rules.  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (district court has inherent authority to dismiss an action *sua sponte*; this authority does not conflict with the habeas rules).  Therefore, Rule 41(b) applies to this habeas action.

To date, Petitioner has not satisfied the requirements to pursue his 28 U.S.C. § 2254 habeas action.  The Notice (Doc. No. 3) and orders (Doc. No. 16, 23, 26) advised Petitioner that this action could be dismissed for want of prosecution if he failed to comply with the instructions provided.  Petitioner has repeatedly failed to follow court orders and submit the required filing fee.  Petitioner has been clearly advised that this action may be dismissed (and, in the most recent order (Doc. No. 26), that it would be dismissed) for want of prosecution if he fails to comply with a court order.  For these reasons, dismissal of this petition is appropriate.

Accordingly, the undersigned recommends that Petitioner's habeas action be

**DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

SIGNED on January 20, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, and the United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).